IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN ROBERT LANG, | No. 4:25-CV-00134 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | |
| Respondents. | |

## MEMORANDUM OPINION

### OCTOBER 14, 2025

Petitioner Stephen Robert Lang filed the instant *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking to overturn his 2022 state-court probation revocation sentence. Lang, however, has filed his Section 2254 petition out of time and cannot establish a basis for tolling the statute of limitations, so the Court must dismiss his petition.

I.   **BACKGROUND**

Lang's procedural history is both lengthy and complicated, as he has repeatedly violated his probation and incurred multiple revocation sentences.[1] The Court need not rehash that extensive history to address the instant Section 2254 petition. In the case at bar, Lang appears to challenge his most recent May 17, 2022 revocation sentencing, where he was sentenced to the statutory maximum

---

1   *See Commonwealth v. Lang*, Nos. 1295 MDA 2022, 1296 MDA 2022, 2023 WL 5747306, at *1-2 (Pa. Super. Ct. Sept. 6, 2023) (nonprecedential).

sentence of 10 to 20 years' incarceration for his latest probation violations.[2] Following his May 2022 sentencing, Lang appealed to the Superior Court of Pennsylvania, which affirmed his judgment of sentence on September 6, 2023.[3] Lang did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania, nor did he seek state post-conviction relief by filing a petition under the state's Post Conviction Relief Act (PCRA).[4]

Instead, on January 17, 2025, Lang lodged a petition under 28 U.S.C. § 2254 in this Court.[5] In his petition, he avers that he signed and placed the petition in the prison mail system on December 1, 2024, even though it was not received by the Court until January 17, 2025.[6] On April 4, 2025, Respondent answered Lang's petition, raising the single argument that the petition is facially barred by the AEDPA's statute of limitations.[7] Lang did not file a reply, and thus his Section 2254 petition is ripe for disposition.

---

[2] *See id.*, at *3-4; Doc. 1 at 1, 3, 5.
[3] *See Lang*, Nos. 1295 MDA 2022, 1296 MDA 2022, 2023 WL 5747306, at *1, *8.
[4] 42 PA. CONS. STAT. § 9541 *et seq.*
[5] Doc. 1.
[6] *See id.* at 15 (incorrectly dating the petition as "12-1-2025" rather than "12-1-2024"); *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing."). It is extremely doubtful that Lang provided the instant Section 2254 petition to prison officials on December 1, 2024, and that it took a month and a half for those officials to mail the petition to the Court. Nevertheless, as explained below, even if the Court uses the December 1, 2024 date proffered by Lang as the filing date, his Section 2254 petition is still time barred.
[7] *See generally* Doc. 8.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state prisoners seeking habeas corpus relief in federal court.[8] In most cases, and as relevant for Lang's petition, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review."[9] The AEDPA expressly provides for tolling of this limitations period when "a properly filed application for State post-conviction or other collateral relief" for the at-issue judgment is "pending."[10]

In the instant case, Lang's May 17, 2022 revocation sentence was affirmed by the Superior Court of Pennsylvania on September 6, 2023. Because Lang did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania, his judgment of sentence became final on October 6, 2023, when the time for seeking such review expired.[11] Thus, under the AEDPA, Lang had one year—or until October 6, 2024—to file his Section 2254 petition. Even taking his petition at

---

[8] *See* 28 U.S.C. § 2244(d)(1).
[9] *Id.* § 2244(d)(1)(A).
[10] *Id.* § 2244(d)(2).
[11] *See* PA. R. APP. P. 1113(a) (requiring, generally, that petition for allowance of appeal be filed within 30 days after entry of appellate court order sought to be reviewed); 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, if petitioner does not appeal conviction to state's highest court, judgment becomes "final" for AEDPA purposes when time for seeking such review in state's highest court expires); *Tomlin v. Britton*, 448 F. App'x 224, 226 (3d Cir. 2011) (nonprecedential) (same).

face value and employing the prisoner mailbox rule, Lang filed his Section 2254 petition nearly two months after the statute of limitations expired.

Furthermore, Lang did not file a PCRA petition or otherwise seek state post-conviction relief.  Consequently, his federal habeas petition cannot be saved by statutory tolling under Section 2244(d)(2).  His petition, therefore, is time-barred unless he can establish some basis for equitable tolling.[12]

The AEDPA's statute of limitations is subject to equitable tolling.[13] Application of this doctrine, however, should be "sparing," occurring "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice," and must be determined on a case-by-case basis.[14]  To establish entitlement to equitable tolling, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance" prevented him from timely filing his Section 2254 petition.[15]  The diligence required is "reasonable diligence," not "maximum feasible diligence."[16]  The extraordinary circumstance, or circumstances, must be "beyond [the petitioner's]

---

[12] *See Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 272 (3d Cir. 2022).
[13] *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 645-49 (2010)).
[14] *Id.* (alteration in original) (quoting *LaCava*, 398 F.3d at 275) (citing *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012)).
[15] *Holland*, 560 U.S. at 649 (citation omitted).
[16] *Id.* at 653 (citations omitted); *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

control."[17] Finally, the equitable tolling standard is conjunctive, requiring the petitioner to establish both elements before tolling is permitted.[18]

Lang has not made this difficult showing. He has not even tried to do so. Respondent clearly raised the statute of limitations defense,[19] but Lang did not respond to this defense or otherwise argue that tolling applies to his circumstances. The Court thus concludes that Lang's federal habeas petition is barred by the AEDPA's statute of limitations. Lang has not established a basis for tolling that would render his petition timely, so his Section 2254 petition must be dismissed.

## III.  CONCLUSION

For the foregoing reasons, the Court will dismiss Lang's Section 2254 petition. The Court likewise declines to issue a certificate of appealability, as Lang has failed to make a substantial showing of the denial of a constitutional right,[20] or that "jurists of reason would find it debatable" whether this Court's procedural ruling is correct.[21] An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[17] *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 & n.2 (2016).
[18] *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012).
[19] *See* Doc. 8 ¶¶ 7-13.
[20] 28 U.S.C. § 2253(c)(2).
[21] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).